UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANTHONY COBB,

   Petitioner,

v.              20-CV-496 (JLS)

JULIE WOLCOTT, Superintendent
Orleans Correctional Facility,

   Respondent.

---

## DECISION AND ORDER

*Pro se* petitioner Anthony Cobb, an inmate at Orleans Correctional Facility, petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking immediate release based on the conditions of his confinement during the COVID-19 pandemic. *See* Dkt. 1. Respondent Julie Wolcott moved to convert Cobb's petition to one brought pursuant to 28 U.S.C. § 2254 and to stay their response on the merits until after the Court decides the motion to convert. *See* Dkt. 9. The Court granted Respondent's motion to the extent it sought a stay and ordered Cobb to respond to the motion to convert. *See* Dkt. 10. For the following reasons, the Court now grants Respondent's motion to convert the petition.

## FACTS

Cobb currently is in custody at Orleans Correctional facility ("Orleans") "on orders held by state authorities." Dkt. 1, at 1 ¶¶ 2, 4. He is serving a year-and-a-half sentence for a non-violent drug offense. Dkt. 1, at 3; Dkts. 9-2, 9-3. Cobb

alleges that he has less than three months until his conditional release date. Dkt. 1, at 3, 5.

Cobb describes Orleans as a "medium security prison" with living conditions that make it impossible to practice social distancing and make him more likely to contract COVID-19. Dkt. 1, at 5 ¶ 4. For example, Cobb alleges communal sleeping quarters less than five feet from other inmates, with some inmates in double bunks. Dkt. 1, at 5 ¶ 4. Dining is communal "within 2 feet of each other" with food served by fellow prisoners. Dkt. 1, at 5 ¶ 4; Dkt. 1, at 10 ¶ 18. Inmates must use the same sinks, toilets, and showers with sixty people in a housing unit. Dkt. 1, at 11 ¶ 18. Cobb alleges that everything in the Department of Corrections and Community Supervision ("DOCCS"), including all programs, is closed, so that inmates are left in the housing unit together "24-7." Dkt. 1, at 8 ¶ 12; *see also* Dkt. 1, at 5 ¶ 5.

Cobb declares it is inevitable that COVID-19 has, or will, reach his instant facility, given already confirmed cases in DOCCS. Dkt. 1, at 11 ¶ 19. Cobb maintains he is now facing "[undoubted] grave risk of contracting clearly life threatening and life taking disease" because of his incarceration. Dkt. 1, at 8 ¶ 12. As a result of these conditions, Cobb seeks "immediate release and transfer[] to New York's already existing post-release supervision." Dkt. 1, at 2 ¶ 6.

## PROCEDURAL HISTORY

Cobb filed his petition on April 24, 2020. Dkt. 1. On that date, he also filed a motion for a preliminary injunction and to proceed *in forma pauperis*. Dkts. 2, 3. On May 14, 2020, Cobb filed a motion for "summary/default judgment" (Dkt. 6), as

well as a second motion for leave to proceed *in forma pauperis* with a completed prison certification section (Dkt. 7). On May 18, 2020, the Court granted him permission to proceed *in forma pauperis* and set a briefing schedule ordering respondent to respond to the petition within five days. Dkts. 8, 4.

On May 18, 2020, Respondent moved to convert Cobb's petition to one brought pursuant to Section 2254 and to stay their response on the merits until after the Court decides the motion to convert. *See* Dkt. 9. That day, the Court granted Respondent's motion to the extent it requested a stay and ordered Cobb to respond to the motion to convert by May 26, 2020. *See* Dkt. 10. The Court also cautioned that a decision to convert the petition could affect Cobb's ability to file another Section 2254 petition and, with that knowledge, asked Cobb to confirm that he wished to proceed with the petition. *See* Dkt. 10.

On May 21, 2020, Cobb submitted another motion for default judgment, which was filed on May 26, 2020. Dkt. 11. In this filing, Cobb indicates that he wishes to proceed with his petition under Section 2241. *See* Dkt. 11, at 4 ¶¶ 17-18 ("[R]elator…vehemently refuses foreclose or withdraw his guaranteed access to file a 28 USC 2241 and Emergency Motions. THEREFORE, the relator will proceed with merits of his petition under 2241 and Emergency motions.")

## DISCUSSION

Because Cobb is a *pro se* petitioner, the Court will "construe [his] pleadings liberally and interpret them 'to raise the strongest arguments they suggest.'" *See*

*Wells v. Annucci*, No. 19-CV-3841, 2019 WL 2209226, at *1 (S.D.N.Y. May 21, 2019) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).

I.   <u>**Respondent's Motion to Convert.**</u>

Respondent moved to convert Cobb's petition under Section 2241 to a petition pursuant to Section 2254 because relief under Section 2241 is not available to Cobb, who is in custody under a state-court judgment of conviction. *See* Dkt. 9; Dkt. 9-1, at 2 ¶ 5. In opposing Respondent's motion, Cobb argues that he is not challenging any "irrelevant state conviction," but instead "directly challenging unconstitutional prison conditions" under Section 2241. *See* Dkt. 11, at 10-11. Cobb argues that habeas corpus is "not a static, narrow, formalistic remedy," and that he is entitled to relief in light of Respondent's delay in addressing the merits of his petition during the COVID-19 pandemic. *See* Dkt. 11, at 7-8.

**A. Habeas Corpus Relief.**

There are three statutes under which an individual in custody may seek a writ of habeas corpus, two of which are relevant here. Section 2254 applies to "a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). Section 2241 is worded more broadly and extends to a prisoner who, among other things, is "in custody under . . . the authority of the United States" or is "in custody in violation of the Constitution or laws . . . of the United States." *See* 28 U.S.C. § 2241(c)(1), (3). And Section 2255, which does not apply

4

here, allows a "prisoner in custody under sentence of a court established by Act of Congress"—*i.e.*, a federal prisoner—to attack his sentence. *See* 28 U.S.C. § 2255(a).

The Second Circuit has addressed the difference among these provisions. A person in federal custody may petition for a writ of habeas corpus under Section 2255 or Section 2241, depending on the nature of the challenge: "a federal prisoner's challenge to the *execution* of a sentence is properly filed pursuant to [Section] 2241, rather than Section 2255, because Section 2255 allows a federal prisoner to challenge only the legality of the original *imposition* of a sentence." *See James v. Walsh*, 308 F.3d 162, 166 (2d Cir. 2002) (citing *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997)). By contrast, Section 2254 "permits a state prisoner to file a habeas petition 'on the ground that he is in custody in violation of the Constitution or laws . . . of the United States.'" *Id.* at 166-67 (quoting 28 U.S.C. § 2254(a)). In other words, a "claim that one is 'in custody' in violation of federal laws [under Section 2254] is broader than a claim that the imposition of one's sentence is illegal." *Id.* at 167.

The "plain language of the pertinent statutes indicates . . . that a federal prisoner may challenge the imposition, but not the execution, of a sentence under Section 2255, while a state prisoner may challenge either the imposition or the execution of a sentence under Section 2254." *James*, 308 F.3d at 167. As a result, a state prisoner's "petition claiming improper execution of his sentence [is] properly brought under Section 2254." *Id.*

5

The Second Circuit later expanded on this analysis when it considered a parole revocation challenge, concluding that "a state prisoner challenging his or her parole revocation must file under section 2254." *See Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 275 (2d Cir. 2003). Comparing a person in custody on a state judgment to one in custody on a federal judgment, the court explained that a state prisoner "not only may, but according to the terms of section 2254 must, bring a challenge to the execution of his or her sentence . . . under section 2254." *See id.* at 278. Section 2241 is "unavailable" to such a petitioner. *See id.* Stated otherwise, "Section 2241 is not an independent and separate avenue of relief but is to be read in conjunction with the requirements of [Section] 2254, which are 'a limitation on the general grant of jurisdiction conferred in section 2241 that applies to cases involving prisoners subject to state court judgments.'" *Torres v. Cronin*, No. 19-cv-06462, 2019 WL 6001000, at *1 (W.D.N.Y. Nov. 14, 2019) (quoting *Rittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir. 2006)).

Cobb is in state custody pursuant to a state judgment. *See* Dkt. 1, at 3; Dkt. 9-1, at 1 ¶ 2. He alleges that his continued custody at Orleans during the COVID-19 pandemic violates his rights under the 5th, 8th, and 14th Amendments to the United States Constitution. *See* Dkt. 1, at 2 ¶ 5; Dkt, 1, at 6 ¶ 6, at 8 ¶ 14. In other words, Cobb claims that his continued custody in execution of his sentence violates

his constitutional rights. As such, his petition falls within the purview of Section 2254.[1]

The Court is not bound by Cobb's choice to frame his petition under Section 2241 and, after considering the substance of his allegations, must convert the petition to one filed pursuant to Section 2254.[2] *See Cook*, 321 F.3d at 277 ("[I]f an application that should be brought under 28 U.S.C. § 2254 is mislabeled as a petition under section 2241, the district court must treat it as a section

___

[1] Cobb argues that his petition is based on the conditions of his confinement. *See* Dkt. 8, at 13-14. The Second Circuit has interpreted prison condition claims as comprising challenges to execution of a sentence in the context of federal prisoners. *See Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008) ("This court has long interpreted § 2241 as applying to challenges to the execution of a federal sentence, 'including such matters as the administration of parole, . . . prison disciplinary actions, prison transfers, type of detention and prison conditions.'" (citation omitted)). There is no reason to conclude differently in the context of a state prisoner's prison conditions-based claim under Section 2254.

[2] The Court recognizes that district courts across the country have treated state prisoners' COVID-19-related habeas petitions differently. *Compare Makin v. Wainwright*, No. 20-cv-912, 2020 WL 2085141, at *1 (N.D. Ohio Apr. 30, 2020) (holding that state prisoner's habeas petition "was not properly brought under [Section] 2241" and that Section 2254 was the proper provision), *and Money v. Pritzker*, — F. Supp. 3d —, 2020 WL 1820660, at *2 (N.D. Ill. Apr. 10, 2020) (examining petition for "writs of habeas corpus under 28 U.S.C. § 2254 for relief from custody in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution"), *with McPherson v. Lamont*, — F. Supp. 3d —, 2020 WL 2198279, at *5 & n.3 (D. Conn. May 6, 2020) (holding that Section 2241 was the proper provision for sentenced and pre-trial prisoners in state custody based on Second Circuit cases, *Roccisano v. Menifee*, 293 F.3d 51 (2d Cir. 2002), and *Adams v. United States*, 372 F.3d 132 (2d Cir. 2004), that involved *federal* prisoners' habeas claims). The Court has considered these decisions, but bases its analysis on the Second Circuit authority cited above.

2254 application instead."); *Torres*, 2019 WL 6001000, at *2 (concluding that petitioner was limited to relief under Section 2254, noting that petitioner's framing under Section 2241 was not dispositive, and converting to a Section 2254 petition).

**B. Section 1983 Relief.**

Neither party argues that 42 U.S.C. § 1983 applies to Cobb's claims. Because Cobb is proceeding *pro se* and because his petition challenges the conditions of his confinement, the Court briefly addresses Section 1983, as well.

The Supreme Court has recognized that "the traditional function of the writ [of habeas corpus] is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). As such, claims alleging that prison officials' conduct "was causing or would cause . . . illegal physical confinement" and seeking relief equal to "immediate release from physical custody" fall "squarely within th[e] traditional scope of habeas corpus." *See id.* at 487.

Relying on *Preiser*, the Second Circuit later recognized that the "problem of deciding which prisoner petitions must be considered exclusively as petitions for habeas corpus under [Section] 2254 . . . and which lie properly as civil rights actions under 42 U.S.C. [§] 1983 . . . has not been . . . easy." *Williams v. Ward*, 556 F.2d 1143, 1150 (2d Cir. 1977). The court noted that a petition "protesting against prison conditions, but not seeking release . . . clearly falls" under Section 1983 but did not consider whether the same petition seeking release would require a different conclusion. *See id.* at 1150.

Cobb unambiguously seeks immediate release from the custody of Respondent. *See* Dkt. 1, at 2 ¶ 5. To be sure, he alleges that the conditions of his confinement render his custody unconstitutional. *See* Dkt. 1, at 2 ¶ 5, at 6 ¶ 8. But he does not seek an order directing prison or state officials to improve or correct any alleged deficiencies in those conditions; he seeks only immediate release from physical custody. *See* Dkt. 1, at 2 ¶ 6, at 12. Accordingly, Cobb's claims fall "squarely within th[e] traditional scope of habeas corpus." *See Preiser*, 411 U.S. at 487; *see also Evil v. Whitmer*, No. 20-cv-343, 2020 WL 1933685, at *2-*3 (W.D. Mich. Apr. 22, 2020) ("Petitioner's claims regarding the constitutionality of his custody in the jail because of his particular susceptibility to respiratory disease are principally claims regarding the conditions of his confinement. Such claims should be raised by a complaint for violation of 42 U.S.C. § 1983. But, the relief Petitioner seeks—release from custody—is available only upon habeas corpus review. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983." (citing *Preiser*, 411 U.S. at 484)).

## II. Cobb's Other Motions

Cobb also filed two motions seeking various forms of relief.[3] Dkts. 6, 11. In his May 14, 2020 filing, Cobb asks for an order granting "summary

---

[3] Insofar as these motions seek the same injunctive relief to that requested in the initial filings (Dkts. 1, 3), namely immediate release, the Court will address them, in an expedited manner, after the parties have briefed the merits.

judg[]ment/default judg[]ment," as well as the granting of a preliminary injunction. *See* Dkt. 6, at 1, 4 ¶ 10. In his subsequent filing on May 26, 2020, Cobb moves for entry of judgment on the pleading pursuant to FRCP Rule 12(c) or for entry of default under Rule FRCP 55(a). Dkt. 11, at 1. As a basis for this entry of judgment or default, Cobb alleges that Respondent "outright disregarded the Court's mandate and instead decided to erroneously file and serve a motion to convert" the petition and stay the time to answer. *See* Dkt. 11, at 3 ¶ 12. He cites this Court's May 1, 2020 order that Respondent respond to the petition within 5 days of service of its order. *See* Dkt. 11, at 3 ¶¶ 9, 14.

Respondent filed a motion in response to the petition—albeit not on the merits—on May 18, which was timely under the Court's May 1 and May 18 orders. *See* Dkts. 4, 8. The Court therefore denies Cobb's motions (Dkts. 6, 11), to the extent they seek judgment on the pleadings, as moot.

As for Cobb's motion for entry of default or default judgment, this motion also is denied. In *Bermudez v. Reid*, 733 F.2d 18 (2d Cir. 1984), the Second Circuit determined that default judgment should not be granted for a habeas petitioner without a court first reaching the merits. *See Berry v. Woods*, No. 06-CV-4849 (NGG) (JMA), 2007 WL 2020190, at *1 (E.D.N.Y. July 6, 2007)). A party's failure to respond to a habeas petition presents a "different situation" than a failure to respond in a civil case. *Id.* (citing *Jackson v. Kuhlman*, 94-CV-5934, 1996 WL 1088202, at *1 (E.D.N.Y. Oct. 8, 1996). If district courts were to enter default judgments without reaching the merits, it is the public at large that would be made

to suffer—by bearing the risk of releasing prisoners who were likely duly convicted, or the costly process of retrying them—rather than the defaulting party. *Id.* (citing *Bermudez*, 733 F.2d at 21). Here, Respondent did file a motion in response to the petition, and the parties have yet to reach the merits. Therefore, the Court denies Cobb's motions (Dkt. 6, 11) to the extent they seek a default judgment or entry of default.

## CONCLUSION

For the reasons stated above, the Court: GRANTS Respondent's motion to convert the petition, filed under 28 U.S.C. § 2241, to one filed under 28 U.S.C. § 2254 (Dkt. 9); and DENIES Cobb's motions for judgment on the pleadings and default judgment (Dkts. 6, 11).

The Clerk of Court shall update the docket to reflect that Cobb's petition was filed pursuant to 28 U.S.C. § 2254 and shall mail Cobb a copy of Dkt. 9, along with this decision and order.

The parties' further submissions on the merits are governed by the Court's May 18, 2020 order (Dkt. 10).

SO ORDERED.

Dated:   May 29, 2020
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE