UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANTHONY COBB,

           Petitioner,

    v.                                                                    20-CV-496 (JLS)

JULIE WOLCOTT, Superintendent of
Orleans Correctional Facility,

           Respondent.

_____

## DECISION AND ORDER

*Pro se* Petitioner Anthony Cobb, an inmate at Orleans Correctional Facility,

petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241,

seeking immediate release based on the conditions of his confinement during the

COVID-19 pandemic. *See* Dkt. 1. Respondent moved to convert Cobb's petition to

one brought pursuant to 28 U.S.C. § 2254 (Dkt. 9), which the Court granted. Dkt.

12. Now before the Court is Respondent's motion to dismiss for failure to state a

claim and for failure to exhaust. Dkt. 13. For the following reasons, the Court

grants Respondent's motion to dismiss.

## FACTS

Cobb currently is in custody at Orleans Correctional facility ("Orleans") "on

orders held by state authorities." Dkt. 1, at 1 ¶¶ 2, 4. He is serving a year-and-a-

half sentence for a non-violent drug offense. Dkt. 1, at 3; Dkts. 9-2, 9-3. Cobb

alleges that he has less than three months until his conditional release date.  Dkt. 1, at 3, 5.

Cobb describes Orleans as a "medium security prison" with living conditions that make it impossible to practice social distancing and make him more likely to contract COVID-19.  Dkt. 1, at 5 ¶ 4.  For example, Cobb alleges communal sleeping quarters less than five feet from other inmates, with some inmates in double bunks. *Id.*  Dining is communal "within 2 feet of each other" with food served by fellow prisoners.  *Id.*; Dkt. 1, at 10 ¶ 18.  Inmates must use the same sinks, toilets, and showers with sixty people in a housing unit.  Dkt. 1, at 11 ¶ 18.  Cobb alleges that everything in the Department of Corrections and Community Supervision ("DOCCS"), including all programs, is closed, so that inmates are left in the housing unit together "24-7."  Dkt. 1, at 8 ¶ 12; *see also* Dkt. 1, at 5 ¶ 5.

Cobb declares it is inevitable that COVID-19 has, or will, reach his instant facility, given already confirmed cases in DOCCS.  Dkt. 1, at 11 ¶ 19.  Cobb maintains "he is now facing [undoubted] grave risk of contracting clearly life threatening and life taking disease" because of his incarceration.  Dkt. 1, at 8 ¶ 12.  As a result of these conditions, Cobb seeks "immediate release and the transfer[] to New York's already existing post[]release supervision."  Dkt. 1, at 2 ¶ 6.

## PROCEDURAL HISTORY

The Court set forth the earlier procedural history of this case in its decision and order granting Respondent's motion to convert the petition (Dkt. 12) and does not repeat that history here.

2

On June 3, 2020, Respondent moved to dismiss on two grounds: (1) a conditions of confinement claim does not support habeas relief; and (2) Cobb failed to exhaust available state court remedies.  Dkt. 13.  Pursuant to the Court's order dated May 18, 2020, Cobb was instructed to reply to Respondent's motion within five days of receiving it.  Dkt. 10.  To date, Cobb has not replied to Respondent's motion.

## DISCUSSION

Because Cobb is a *pro se* petitioner, the Court will "construe [his] pleadings liberally and interpret them 'to raise the strongest arguments they suggest.'"  *See Wells v. Annucci*, No. 19-cv-3841, 2019 WL 2209226, at *1 (S.D.N.Y. May 21, 2019) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).  Cobb's *pro se* status, however, "does not exempt [him] from compliance with relevant rules of procedural and substantive law."  *See Siao-Pao v. Connolly*, 564 F. Supp. 2d 232, 238 (S.D.N.Y. 2008) (internal quotations and citations omitted).

## I.  Respondent's Motion to Dismiss

Cobb raises Eighth Amendment and Fourteenth Amendment claims based on his feared exposure, as an allegedly high-risk inmate, to COVID-19 while in Respondent's custody.  Respondent moves to dismiss the petition because it does not state a cognizable claim and because Cobb did not exhaust available state remedies.  Because Cobb failed to exhaust his claims, the Court will not address the other arguments raised by the State or resolve the petition on the merits.

## A. Exhaustion Requirement under 28 U.S.C. § 2254

Respondent argues that the petition must be dismissed because Cobb did not exhaust his claims.  In the petition and other filings, Cobb does not allege that he sought relief for his claims in administrative proceedings or in state court.  Nor does Cobb make any argument that his failure to exhaust should be excused.

As this Court previously explained, under 28 U.S.C. § 2254(a), a sentenced state prisoner who alleges he is in state custody in violation of federal law may seek relief in federal court pursuant to an application for a writ of habeas corpus.  *See* Dkt. 12, at 5-8.  Section 2254 requires a petitioner to show that he has "exhausted the remedies available in the courts of the State" before a federal court will consider the writ.  *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court.").  To exhaust state remedies, a petitioner must "fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *McCray v. New York,* 573 F. App'x 22, 23 (2d Cir. 2014) (summary order) (quoting *Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir. 2011)).  A petitioner exhausts his or her state remedies when he or she "presented [his or her] constitutional claim to the highest state court from which a decision can be obtained." *Lewis v. Bennett*, 328 F. Supp. 2d 396, 403 (W.D.N.Y. 2004) (citing *Morgan v. Bennett*, 204 F.3d 360, 369 (2d Cir. 2000)).

4

Case 1:20-cv-00496-JLS   Document 14   Filed 06/25/20   Page 5 of 10

There are several ways a petitioner may exhaust his or her claims. As relevant here, where the claim for relief is not based on a trial court record, "a petitioner may exhaust the claim by raising it to the state trial court in a collateral post-conviction motion, such as a motion under New York Criminal Procedure Law § 440." *See Elleby v. Smith*, No. 20-cv-2935, 2020 WL 2611921, at *3 (S.D.N.Y. May 22, 2020). Or a petitioner may petition the trial court or appropriate Appellate Division for a writ of habeas corpus and seek review of any decision denying the petition. *Id.*[1] A petitioner who challenges the execution, rather than validity, of his or her sentence under Section 2254, "is still required to exhaust all of his state court remedies before filing a habeas petition in state court, and . . . bears the burden of establishing that [he or she] has met this requirement." *Rapeika v. Adm'r N. State Prison*, No. 20-cv-5358, 2020 WL 2092790, at *1. (D.N.J. May 1, 2020).

Section 2254 provides two narrow exceptions to the exhaustion requirement in 28 U.S.C. § 2254(b)(1)(A). A federal court may grant a petitioner's unexhausted petition for habeas corpus if: (1) "there is an absence of State corrective process;" or (2) "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii). In other words, exhaustion is not required when "there is no further state proceeding for petitioner to pursue" or

---

[1] Where petitioner's claim is based on the trial court record—which is not the case here—a petitioner may exhaust by filing a direct appeal to the relevant Appellate Division and seeking leave to appeal to the New York Court of Appeals. *See Elleby*, 2020 WL 2611921, at *3.

where such pursuit "would be futile." *See Elleby*, 2020 WL 2611921, at *4 (quoting *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000)).

### B. Cobb's Petition Must Dismissed for Failure to Exhaust

Cobb does not provide any evidence that he attempted to exhaust the claims in his petition in state court. Respondent did not locate any filings or evidence that Cobb presented his claims to, or sought release in, a state court. *See* Dkt. 13-5, at 4. Cobb has not met his burden of establishing that he exhausted his claims.

Nor does an exception to exhaustion apply here. State court collateral review proceedings remain available to him. *See Elleby*, 2020 WL 2611921, at *4. Courts across New York State have considered, and resolved, claims and petitions seeking release from state custody in connection with the COVID-19 pandemic. *See, e.g.*, *People ex rel. Squirrell v. Langley*, No. 500451/2020, 2020 WL 2736623 (Sup. Ct. Putnam Cty. May 25, 2020) (dismissing habeas corpus petitions by inmates seeking release during the COVID-19 pandemic where the court, after thoroughly examining the measures taken by the sheriff and other officials, concluded there was no violation of petitioners' due process or Eighth Amendment rights); *People ex rel. Gregor v. Reynolds*, No. CV20-0150, 2020 WL 1910116 (Sup. Ct. Essex Cty. Apr. 17, 2020) (concluding, where two inmates filed article 70 petitions for release, the sheriff's failure to take adequate protective measures violated the due process rights of one inmate who was vulnerable to COVID-19); *People ex rel. Stoughton v. Brann*, 122 N.Y.S. 3d 866, 872-73 (Sup. Ct. New York Cty. Apr. 6, 2020) (ordering

the release of eighteen "at-risk" prisoners in a due process challenge by thirty-two petitioners detained at the Rikers Island prison).

Courts may excuse petitioners from exhausting their claims when "relief is truly unavailable," but Cobb has not even alleged—let alone established—that state courts are unavailable to him now, or were unavailable when he filed this petition. *See Money v. Pritzker*, No. 20-cv-2093, No. 20-cv-2094, 2020 WL 1820660, at *21-22 (N.D. Ill. Apr. 10, 2020). Indeed, as Respondent notes, pursuant to the state court Administrative Order dated March 22, 2020, state courts remained open to "process essential proceedings, including 'emergency applications related to the coronavirus.'" Dkt. 13-5, at 5; *see also* Dkt. 13-4, Exh. 3. For the same reasons, Cobb did not demonstrate that pursuing his request for release in state court would have been futile. *See Elleby*, 2020 WL 2611921, at *4.

Other federal courts have reached similar conclusions when faced with habeas petitions seeking release from state custody based upon COVID-19. *See Griffin v. Cook*, No. 3:20-cv-589 (JAM), 2020 WL 2735886, at *5 (D. Conn. May 26, 2020) (collecting cases); *Elleby*, 2020 WL 2611921, at *5.

Dismissing Cobb's petition to allow him to exhaust his claims in state court affords "the state court[] . . . the first opportunity to review [his] claim[s] and provide any necessary relief." *See O'Sullivan*, 526 U.S. at 844; *see also Rose v. Lundy*, 455 U.S. 509, 515 (1982) ("[A]s a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act."). Exhaustion also ensures that, if Cobb's petition returns to

7

federal court, it will "be accompanied by a complete factual record to aid [the Court] in [its] review." *See Rose*, 455 U.S. at 519.  A full factual record is particularly important here, in light of the "rapidly changing conditions in prisons and the evolving steps that prisons are taking" to address COVID-19.  *See Elleby*, 2020 WL 2611921, at *5.

Because Cobb did not exhaust his claims in state court or demonstrate that state courts are unavailable to him,[2] the Court dismisses his petition without prejudice.[3]  Cobb may pursue his claims and request for release in state court and, assuming he exhausts those remedies, may file a new petition in this Court.

---

[2] The Court notes that Cobb would have had to exhaust his claims and request for relief in state court even if the Court had denied Respondent's motion to convert the petition and had analyzed Cobb's claims under 28 U.S.C. § 2241.  *See Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632-35 (2d Cir. 2001) (noting the "requirement of administrative exhaustion as spelled out in . . . decisional law" that applies to Section 2241 petitions, and declining to excuse petitioner's failure to exhaust); *Razzoli v. Strada*, No. 10-cv-4802, 2013 WL 837277, at *2 (E.D.N.Y. Mar. 6, 2013) (explaining that "[b]efore seeking habeas relief under § 2241, . . . prisoners must exhaust any available administrative remedies, or else justify the failure to exhaust these remedies," and holding that petitioner was "not excused from his duty to exhaust administrative remedies").

[3] Section 2254 allows a district court to, "in its discretion, *deny* on the merits habeas petitions containing unexhausted claims." *See Lewis*, 328 F. Supp. 2d at 405.  The Court declines to exercise that discretion here and leaves the merits of Cobb's Eighth Amendment and due process claims for the state court to decide in the first instance.

## II.   <u>Cobb's Motion for a Preliminary Injunction</u>

Along with his COVID habeas petition, Cobb filed an "emergency order to show cause" for a preliminary injunction and temporary restraining order.  Dkt. 3. Because the preliminary injunction and temporary restraining order seek the same relief—release from Orleans—as the COVID petition, the Court denies Cobb's motion for the reasons previously discussed.  *See Holloway v. Wolcott*, No. 20-cv-6329, 2020 WL 3172772, at *3 (W.D.N.Y. June 15, 2020) (denying motion for temporary restraining order and preliminary injunction where it "appear[ed] Petitioner's claims, construed under Section 2254, [were] unexhausted"); *see also WarnerVision Entm't Inc. v. Empire of Carolina, Inc.*, 101 F.3d 259, 261 (2d Cir. 1996) ("The purpose of a preliminary injunction is not to give the plaintiff the ultimate relief [he] seeks.").

## CONCLUSION

For the reasons stated above, the Court: GRANTS Respondent's motion to dismiss the petition (Dkt. 13); and DENIES Cobb's motion for a preliminary injunction and temporary restraining order (Dkt. 3).  The Clerk of Court is directed to close this case.

In addition, because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the Court concludes that Cobb has failed to make

a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and, accordingly, DENIES a certificate of appealability.

The Court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore DENIES leave to appeal as a poor person. *See Coppedge v. United States*, 369 U.S. 438, 444-46 (1962).

Cobb must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.


SO ORDERED.

Dated:      June 24, 2020
            Buffalo, New York


JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE